UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **SABRINA HOLLAND** | **CIVIL ACTION NO. 24-1084** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **MONROE POLICE DEPARTMENT, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Plaintiff Sabrina Holland, who proceeds pro se and in forma pauperis, filed this proceeding on approximately August 13, 2024, under 42 U.S.C. § 1983. She names the following Defendants: Monroe Police Department, Lieutenant Shari Henry Thompson, Detective Schmitz, Mr. Livingston, Public Attorney Sophia Dixson Brown, Mr. Piere, Carolyn Zimmerman, and Officer J. Magee.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff was arrested on April 9, 2019, for theft from Walmart. [doc. #s 1, p. 4; 1-2, pp. 3-4]. She claims that Defendant Carolyn Zimmerman is the Walmart supervisor who "watched cameras and stop[ped] [her] in Walmart." [doc. # 5, p. 1].

Next, Plaintiff appears concerned with either the length of her entire criminal proceeding in Monroe City Court or the number of times she had to appear in the city court, stating that she attended 17 court dates. [doc. # 1, pp. 4-5].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Plaintiff mentions next that in February 2022, a city court judge ordered pre-trial diversion, instructing her to pay $350.00 and to stay out of trouble for six months. [doc. # 1, p. 4]. Plaintiff "didn't get a chance to pay $350." *Id.* at 5. Later, "they dropp[ed] pre-trial diversion." *Id.* After a trial on August 3, 2022, Plaintiff was found guilty.[2] [doc. #s 1, p. 5; 1-2, p. 7]. She was sentenced to three months of incarceration. [doc. # 1, p. 5]. She suggests that she served her sentence. *Id.* at 5.

Plaintiff states that during "booking" for the three-month sentence, a Lieutenant told her that she had another charge from 2022, but Plaintiff responded, "no, this [is] from '19." [doc. # 1, p. 6].

Plaintiff writes: "I also was suppose[d] to be on probation. I was not! The man Mr. Livingston bal[led] the paper up." [doc. # 1, p. 5]. In an amended pleading, Plaintiff alleges that when "it was time to sign up for probation," Livingston "balled the paper up and stated, 'wait and see what the judge does.'" *Id.* Two years later, Livingston sent her a "revoke letter in the mail." *Id.*

Plaintiff suggests that she is unable to work as a meat cutter at Sam's because of her criminal conviction. [doc. # 1, p. 6].

Plaintiff states that her birth date is 08-21-92, and she alleges that certain records from her criminal proceedings in the city court incorrectly list her birth date as 11-21-82. [doc. #s 1, p. 6; 1-2, p. 3, 4]. She faults the Monroe Police Department for the error. [doc. #s 1, p. 6; 5, p. 1].

---

[2] It is unclear whether Plaintiff pled guilty or if a judge or jury determined her guilt. [doc. # 1-2, pp. 7].

In her amended pleading, Plaintiff mentions that an unidentified person "went through" her mail. [doc. # 5, p. 3].

Plaintiff seeks compensation "for the time spent putting together [the] facts of [her] case," and she asks the Court to "go in and get the system computer updated." [doc. # 1, p. 6].

## Law and Analysis

**1. Preliminary Screening**

Because Plaintiff is proceeding in forma pauperis, her Complaint is subject to screening under § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a

reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra*. A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was

committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Monroe Police Department**

Plaintiff names the Monroe Police Department as a Defendant. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." LA. CIV. CODE art. 24.

Here, the Monroe Police Department does not qualify as a juridical person. *See Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . ."); *Aucoin v. Terrebonne Par. Sheriff's Off.*, 2022 WL 16657429, at *1 (5th Cir. Nov. 3, 2022). Accordingly, the Court should dismiss Plaintiff's claims against this entity.

**3. Public Defender**

Plaintiff names her public defender, Sophia Dixson Brown, as a Defendant. Plaintiff states that Brown "tried her best and [did] her best through the years defending [Plaintiff] the best way." [doc. # 5, p. 1]. Plaintiff alleges, however, "I also believe she knew something wasn't right, but hey arguing with Prosecutor Piere . . . what else [is] there to do but let the judge handle it. [sic]." *Id.*

To state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983. "[A] public defender does not act under color of state law

5

when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

Here, Plaintiff's public defender did not act under color of state law. *See Ellison v. De La Rosa*, 685 F.2d 959, 960 (5th Cir. 1982) (finding, where the plaintiff alleged that his counsel was ineffective "for allowing two fundamentally defective indictments to be prosecuted against him," that counsel was performing a lawyer's traditional function).[3]

The Court should dismiss Plaintiff's claims against Sophia Dixson Brown.

**4. Carolyn Zimmerman**

Plaintiff claims that Carolyn Zimmerman is the Walmart supervisor who "watched cameras and stop[ped] [her] in Walmart." [doc. # 5, p. 1].

To reiterate, a plaintiff must allege that a defendant acted "under color" of state law to state a claim under Section 1983. 42 U.S.C. § 1983. "Private individuals generally are not considered to act under color of law, *i.e.,* are not considered state actors . . . ." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). "[A] private individual may . . . act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Id.*

---

[3] *See also O'Brien v. Colbath*, 465 F.2d 358 (5th Cir. 1972) (holding that the ineffective assistance of a public defender in a criminal case does not raise a claim cognizable under Section 1983 because no "state action" is involved and because Section 1983 was not intended as a "vehicle for prosecuting malpractice suits against court-appointed attorneys."); *U.S. ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) ("The court-appointed attorney, like any retained counsel, serves his client. He represents the client, not the state. The ancillary facts that the court has a hand in providing counsel, and that the attorney selection board in Orleans Parish obtains its authority from statute, do not alter the attorney-client relationship. That relationship is our concern here. Accordingly, the district court correctly disallowed any [Section] 1983 claim raised by Plaintiff-Appellant, since the situation presents no state action.").

Here, Zimmerman is manifestly a private actor, and Plaintiff does not plausibly allege, for instance, that Zimmerman conspired with a state actor, participated in joint activity with a state actor, or otherwise acted under color of state law. *See Thomas v. Abebe*, 2020 WL 6375119, at *2 (5th Cir. Oct. 29, 2020) (finding, where the plaintiff alleged that his son stole property while he was incarcerated, that "absent any allegation that the defendants were 'jointly engaged with state officials in the challenged action,' [the plaintiff] fails to state a claim under § 1983.").[4]

Even if Zimmerman reported Plaintiff to law enforcement, Zimmerman is not a state actor. "The execution by a private party of a sworn complaint, which forms the basis for an arrest, is, without more, not sufficient to make that party's acts state action." *Sims v. Jefferson Downs Racing Ass'n, Inc.*, 778 F.2d 1068, 1079 (5th Cir. 1985). "[E]vidence that a private citizen reported criminal activity or signed a criminal complaint does not suffice to show state action on the part of the complainant in a false arrest case." *Moody v. Farrell*, 868 F.3d 348, 353 (5th Cir. 2017). Rather, "the plaintiff must show that the police in effecting the arrest acted in accordance with a preconceived plan to arrest a person merely because he was designated for arrest by the private party, without independent investigation. The action by the police constitutes an abdication of state authority to a private party that is sufficient to cause the private

---

[4] *See also Roman v. Anthony*, 848 F. App'x 633 (5th Cir. 2021) ("Roman has not established that his complaint sets forth a facially plausible claim for relief because he has failed to allege facts or assert any argument addressing whether the defendants acted under color of state law."); *Montgomery v. Walton*, 759 F. App'x 312, 315 (5th Cir. 2019) ("Montgomery pleads no specific facts regarding the connection between the public officials and private citizens or where or when the criminal conduct occurred. In short, the allegations are incomprehensible for purposes of stating a claim of conspiracy against the defendants to deprive him of any cognizable constitutional rights.").

party's acts to become state action."[5] *Sims*, 778 at 1079 (internal quotation marks and quoted sources omitted).

Here, Plaintiff does not allege that law enforcement arrested her under a preconceived plan and merely because Zimmerman designated her for arrest. Nor does she plausibly allege that law enforcement failed to perform an independent investigation. *See Clark v. Thibodaux City*, 787 F. App'x 198, 201 (5th Cir. 2019). While Zimmerman could have influenced the actions of law enforcement, Plaintiff does not plausibly allege that Zimmerman determined any officer's actions. *See Moody*, 868 F.3d at 354 ("Farrell . . . influenced the actions of the police but did not determine them."); *Hernandez v. Schwegmann Bros. Giant Supermarkets*, 673 F.2d 771, 772 (5th Cir. 1982) (opining that a police officer's reliance on "information provided by citizens who witnessed the events" does "not convert the informing party into a state actor" where the officer makes "his own determination of cause to arrest.").

Accordingly, the Court should dismiss Plaintiff's claims against Zimmerman.

**5. Lieutenant Thompson**

Plaintiff states that during "booking" for the three-month sentence, a Lieutenant told her that she had another charge from 2022, but Plaintiff responded, "no, this [is] from '19." [doc. # 1, p. 6]. This allegation is impermissibly vague. Plaintiff does not explain how the lieutenant

---

[5] "For example, in *Smith v. Brookshire Bros., Inc.*, the plaintiffs showed that pursuant to a prearranged plan, the defendant, a grocery store, 'could have people detained [for shoplifting] merely by calling the police and designating the detainee.'" *Moody*, 868 F.3d at 353 (*quoting Smith v. Brookshire Bros, Inc.,* 519 F.2d 93, 94 (5th Cir. 1975) (per curiam)). "In *Bartholomew v. Lee*, on the other hand, the fact that 'the plaintiffs were arrested in part . . . at the request of the [mall] security personnel, and not *wholly* based on any independent observations of the officers,' was not enough to show joint action between the mall and the police." *Id.* (*quoting Bartholomew v. Lee*, 889 F.2d 62, 63 (5th Cir. 1989) (alteration and emphasis in original)).

violated federal law or her constitutional rights. Absent more, her allegation does not suggest unlawful activity. The Court should dismiss this claim.

### 6. Identifying a Responsible Defendant

Plaintiff appears concerned with either the length of her entire criminal proceeding in Monroe City Court or the number of times she had to appear in the city court, stating that she attended 17 court dates. [doc. # 1, pp. 4-5]. Plaintiff suggests that she is unable to work as a meat cutter at Sams because of her criminal conviction. [doc. # 1, p. 6]. Plaintiff also mentions that an unidentified person "went through" her mail. [doc. # 5, p. 3].

Plaintiff does not identify a responsible Defendant(s). Accordingly, the Court should dismiss these ostensible claims.

### 7. Defendant Livingston

Plaintiff writes: "I also was suppose[d] to be on probation. I was not! The man Mr. Livingston bal[led] the paper up." [doc. # 1, p. 5]. In an amended pleading, Plaintiff writes:

> Mr. Livingston played a part because when it was time to sign up for probation he balled the paper up and stated 'wait and see what the judge does.' Now that 2 years over he want to send me a revoke letter in the mail. False Call. Through the 2 years. If he was really looking for me I came to the courthouse many times getting case together and more. He sit on the phone all day not taking notes balling up papers. [sic].

[doc. # 5, p. 1].

Plaintiff's allegations are prohibitively vague and contradictory and do not, therefore, amount to a plausible claim on which relief may be granted. For instance, she states that she *was* supposed to be on probation, but then she immediately states that she was not on probation. In her amended pleading, she suggests that she was sentenced to probation, alleging that "it was time to sign up for probation," but then she suggests that she was never on probation and that Livingston's letter concerning the revocation of her probation is false. Plaintiff then changes

9

course and alleges (1) that Livingston failed to locate her and (2) that Livingston is, essentially, lazy.

Liberally decrypting Plaintiff's haphazard allegations, she could be claiming: (1) she was sentenced to probation; (2) Livingston would not allow her to register for probation (when he disposed of the unidentified paper); (3) therefore she was not on probation, there were no terms of probation with which to comply, and there was no duty to report to a probation officer or pay fees; and (4) Livingston nevertheless caused a judge to revoke her probation. Even assuming for the sake of argument that this is what she is claiming, her claim would be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Adongo v. Texas*, 124 F. App'x 230, 232 (5th Cir. 2005) (finding, where the plaintiff asserted that he was denied due process during revocation proceedings and that a motion to revoke was invalid and defective, that *Heck* barred the claims because a favorable ruling would call into question the validity of the judgment revoking probation); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) ("A judgment in favor of Jackson on his illegal seizure claim would necessarily imply the invalidity of the revocation of his probation and parole. It logically follows that *Heck* applies to Jackson's probation and parole revocation proceedings.") (footnote omitted).[6]

The Court should dismiss Plaintiff's claims against Livingston.

---

[6] *See also Carter v. Jenkins*, 550 F. App'x 177, 178 (5th Cir. 2013) ("To the extent that Carter challenges the validity of his parole revocation, the district court's decision determining that such a claim is barred by *Heck* was not erroneous."); *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) ("Littles has questioned the validity of the confinement resulting from his parole-revocation hearing, and he has not alleged that the Board's decision has been reversed, expunged, set aside, or called into question, as *Heck* mandates.").

**8. Prosecutor Piere**

Plaintiff alleges that Defendant Piere prosecuted her. "Criminal prosecutors . . . enjoy absolute immunity from claims for damages asserted under [42 U.S.C.] § 1983 for actions taken in the presentation of the state's case." *Watson v. Walton*, 68 F.3d 465 (5th Cir. 1995). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (holding that a prosecutor's conduct in connection with preparing and filing charging documents was protected by absolute immunity).

"Absolute immunity is not a rigid, formal doctrine, but attaches to the functions a prosecutor performs." *Moon v. City of El Paso*, 906 F.3d 352, 359 (5th Cir. 2018). The Fifth Circuit has consistently held that the decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. *See Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Workman v. Calogero*, 174 Fed. App'x. 824, 826 (5th Cir. 2006). Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently. *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016).

Here, Piere is immune from Plaintiff's conclusory claim and her request for monetary relief. The decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Brown v. Dove*, 519 F. App'x 237, 238 (5th Cir. 2013) ("[C]onclusory allegations of . . . malicious prosecution do not pierce [prosecutorial] immunity.").

Under Plaintiff's threadbare allegations, Piere acted only in the course of his role as a governmental advocate. Accordingly, the Court should dismiss this claim as frivolous and because Plaintiff seeks monetary relief from a defendant immune from such relief.[7]

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Sabrina Holland's claims be **DISMISSED WITH PREJUDICE** as legally frivolous, for failing to state claims on which relief may be granted, and for seeking relief from a defendant immune from such relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

---

[7] Plaintiff does not seek any other relief from Piere. She does ask the Court to "go in and get the system computer updated[,]" but this request for relief only pertains to her claim against the Monroe Police Department.

In Chambers, Monroe, Louisiana, this 26th day of September, 2024.

                                                                                                       _____
                                                                                                       Kayla Dye McClusky
                                                                                                       United States Magistrate Judge